*993 OPINION.
Turner :
The deduction claimed was disallowed by the respondent on the ground that it represented salary payments for services rendered in years prior to 1928 and, for that reason, was not a proper charge against income for the taxable year. In his brief the respondent offers the further objection that the petitioner has not produced proof to show that these salary payments were reasonable and necessary business expenses for the taxable year, in accordance with the provisions of section 23 (a)[1] of the Revenue Act of 1928.
The petitioner contends that the salary payments in question could not have been accrued as obligations in the years to which they relate because the exact amounts, as well as the liability of the company in respect thereto, were not determinable in those years. It bases *994 this contention upon the fact that the treasurer refused to pay the additional sums requested by the officers until after submission of the matter to the petitioner’s attorney and the receipt of his opinion that the company was liable for the amounts so claimed under its bylaws adopted in 1912. In support of this contention it is claimed that this case is controlled by numerous decisions of the courts and of this Board. To maintain its position, the petitioner has cited Lucas v. American Code Co., 280 U. S. 445; John R. Lankenau Co. v. United States, 46 Fed. (2d) 158; J. N. Pharr & Sons, Ltd. v. Commissioner, 56 Fed. (2d) 832; New Process Cork Co., 3 B. T. A. 1339; Bump Confectionery Co., 4 B. T. A. 50; Hamler Coal Co., 4 B. T. A. 947; Coghlin Electric Co., 3 B. T. A. 1071; Hidalgo Steel Co., 8 B. T. A. 76; and a number of similar cases.
In substantially all of the cases cited by the petitioner the liability for the payments claimed was disputed by the taxpayer and the amounts finally paid resulted from compromise or litigation. In the case of compromise of a disputed liability, a new liability is then and there created through agreement of the parties. We have nothing of that kind present in this case. With reference to payments made as the result of litigation, the situation is also different. In Lucas v. American Code Co., supra, a former sales manager of the taxpayer, after being discharged, brought suit for damages under his employment contract. He was discharged in 1919, but his claim was not paid until 1923, when the judgment rendered in 1922 was affirmed. The taxpayer sought the deduction as a loss in 1919, when the discharge occurred. As a reason for disallowing the deduction in 1919, the court pointed out that on the facts the liability of the company and the amount of the damages were wholly unpredictable until the judgment was rendered and that it could not have been said that the loss actually paid was, as a matter of law or of undeniable fact, sustained in the year of the discharge, and further that the taxpayer, by its contest in the court and payment only after judgment, clearly did not consider the amount of the judgment as a liability in the prior year.
In this case, the final conclusion of the petitioner itself was that as a matter of law and of fact the payments made to its officers in 1928 were the payments of liabilities which existed in the years with respect to which they were paid. It is true that the treasurer of the petitioner at first contended that he had properly computed the amounts payable to the officers, but after numerous conferences and discussions, he asked the advice of petitioner’s general counsel, and upon receipt of his opinion, to the effect that the compensation of the officers had been erroneously computed for the years from 1912 to 1927, inclusive, the treasurer, without further objection, paid to the *995 officers the amounts bere in question. It is thus apparent that the amounts so paid to the officers were liabilities in the years prior to 1928, and the action of the respondent in disallowing the deduction claimed is sustained. Tyler & Hippach, Inc., 6 B. T. A. 636. Cf. Lucas v. Ox Fibre Brush Co., 281 U. S. 115; Continental Tie & Lumber Co. v. United States, 286 U. S. 290.
By reason of the above disposition of the contention of the petitioner, it is not necessary to consider the question raised by the respondent as to the reasonableness of the compensation.

Decision will be entered for the respondent.

 SEC. 23. DEDUCTIONS PROM GROSS INCOME.
In computing net income there shall be allowed as deductions:
(a) Expenses. — All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered; * * *